John M. Kim (Bar No. 188997)
jkim@ipla.com
Benjamin S. White (Bar No. 279796)
bwhite@ipla.com
Phillip L. Kim (Bar No. 315589)
pkim@ipla.com
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: 858-272-0220
Fax: 858-272-0221

Attorneys for Plaintiff
BACKCOUNTRY.COM, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

BACKCOUNTRY.COM, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

SNAPPERHEAD INVENTIONS, LLC, a Michigan Limited Liability Company, DAVID OLLILA, an Individual,

Defendant.

**CASE NO: '19CV1727 BEN JLB**

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**

**(2) FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**

**(3) FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c);**

**(4) VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**

**(5) STATE COMMON LAW TRADEMARK INFRINGEMENT;**

**(6) COMMON LAW UNFAIR COMPETITION; AND**

**(7) CANCELLATION OF TRADEMARK (U.S. REG. NO. 4303504)**

**DEMAND FOR JURY TRIAL**

Plaintiff Backcountry.com, LLC ("Backcountry") brings this Complaint against Defendants Snapperhead Inventions, LLC ("Snapperhead") and David Ollila

("Mr. Ollila") for injunctive relief and damages under the laws of the United States and the State of California.

**NATURE OF THE CASE**

1. This is an action for violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), violation of the California statutory law of unfair competition, Cal. Bus. & Prof. Code § 17200, and California common law trademark infringement, passing off, and unfair competition.

**THE PARTIES**

2. Backcountry is a Delaware limited liability company with its principal place of business in Park City, Utah.

3. On information and belief, Defendant Snapperhead is a Michigan limited liability company with a principal place of business in Marquette, Michigan.

4. On information and belief, Defendant Mr. Ollila is an individual residing in Linden, Michigan.

5. Defendants Snapperhead and Mr. Ollila are hereinafter collectively referred to as "Defendants".

6. On information and belief, the actions alleged herein have been undertaken by Defendants, were undertaken by each Defendant individually, were actions that each Defendant caused to occur, authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each Defendant assisted, participated, or otherwise encouraged, and are actions for which each Defendant is liable. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those actions, provided assistance and benefitted from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of each and every one of the other Defendants.

**JURISDICTION AND VENUE**

7. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., particularly under 15 U.S.C. §§ 1114 and 1125, as well as state unfair competition law and the common law of trademark infringement, passing off, and unfair competition. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8. This Court has personal jurisdiction over Defendants because Defendants actively market and sell ski goods in the State of California and in this judicial district that bear the infringing trademarks at issues in this case. Further, as detailed below, Defendants actively market and/or sell their skis through their websites www.marquette-backcountry.com and www.snapperhead-inventions.com as well as their Facebook page. All the aforementioned websites are accessible from this judicial district, and on information and belief, have been accessed by consumers located in this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action.

**FACTUAL ALLEGATIONS**

Backcountry's Trademark Rights

10. Backcountry is a prominent and well-known retailer and manufacturer of a wide variety of outdoor products, sporting goods, ski products, cycling gear, apparel, and related goods.

11. Backcountry has used its BACKCOUNTRY and BACKCOUNTRY-formative trademarks, or marks so similar that they have the same commercial impression (collectively, the "Backcountry Marks"), in connection with the retail sale of a wide variety of outdoor products, sporting goods, ski products, cycling gear, apparel, and related goods since at least as early as 1996 (the "Backcountry Services").

12. Since at least as early as 2004, Backcountry has manufactured, distributed, and sold outdoor products, sporting goods, apparel, and related goods under the Backcountry Marks (the "Backcountry Goods"). Hereinafter, the Backcountry Goods and Backcountry Services will be referred to collectively as the "Backcountry Goods and Services."

13. In addition to its common law rights in the Backcountry Marks, Backcountry owns valid and subsisting trademark applications and registrations for the Backcountry Marks in the United States and worldwide. In particular, Backcountry owns the following relevant US trademark registrations (the "Backcountry Registrations"):

| MARK | REG. DATE | GOODS/SERVICES |
|---|---|---|
| backcountry.com › OUTLET<br>US Reg. No.: 3219427 | Mar 20, 2007 | Class 35: [ Retail store services, mail order services, and ] computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, namely, watches and compasses, tote bags, ski equipment, namely, skis, ski boots, ski helmets, ski goggles, ski poles, snowboard equipment, namely, snowboards, snowboard bindings, snowboard boots, snowboard helmets, snowboard gloves, snowshoes, avalanche safety equipment, namely, avalanche probes, avalanche beacons, and avalanche shovels, other winter accessories, namely, tents, sleeping bags, and sleeping pads, kayaks, canoes, paddles, and related accessories, namely, spray skirts for kayaks, life jackets, dry bags, wall racks for hanging canoes and |

| | | |
|---|---|---|
| | | kayaks, and back rests, camping, hiking, and mountain climbing equipment, namely, climbing harnesses, climbing helmets, bags for storing and hauling climbing ropes, belay and rappel devices, rock-climbing shoes, climbing ropes, carabiners, and chalk and chalk bags for rock-climbing, food and accessories, namely, water purifiers, coolers and bags for food storage, pots, pans, bowls, and eating utensils, luggage and equipment car racks and related accessories, namely, adaptors and attachments for mounting the racks; the dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network |
| backcountry US Reg. No.: 3243545 | May 22, 2007 | Class 35: Retail store services, mail order services, and computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, tote bags, ski and snowboard equipment, snowshoes, avalanche safety, and other winter accessories, kayaks, canoes, paddles and related accessories, camping, hiking and mountain climbing equipment, food and hiking accessories, luggage, luggage and equipment car racks and related accessories; dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network |
| **BACKCOUNTRY** US Reg. No.: 4788204 | Aug 11, 2015 | Class 35: Retail store services, mail order services, and computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, tote bags, ski and snowboard equipment, snowshoes, avalanche safety, and other winter accessories, kayaks, canoes, paddles and related accessories, camping, hiking and mountain climbing equipment, food and hiking accessories, luggage, luggage and equipment car racks and related |

| | | |
|---|---|---|
| | | accessories; dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network. |

14. True and correct copies of the registrations for the above-listed marks are attached hereto and incorporated herein as Exhibit A.

15. As a result of the Backcountry Registrations and continuous use of the Backcountry Marks in connection with the Backcountry Goods and Services, Backcountry owns valid and subsisting federal and common law rights in the Backcountry Marks.

16. Backcountry has invested substantial time, money, and resources in marketing, advertising, and promoting the Backcountry Goods and Services under the Backcountry Marks, and as thereby developed extensive recognition and valuable goodwill in its Backcountry Marks.

17. As a result of widespread use and promotion, the BACKCOUNTRY mark is famous among the general consuming public.

Defendants' Business & Infringement

18. Defendant Snapperhead manufactures and sells skis.

19. On information and belief, Defendant Mr. Ollila is the sole Member of Snapperhead and is solely responsible for its operation.

20. Defendants own and operate the websites www.marquette-backcountry.com and www.snapperhead-inventions.com (the "Snapperhead Websites"), which are used to market and sell skis as well as related goods and services (collectively, the Snapperhead Goods and Services"). Attached hereto as Exhibit B are true and correct copies of screenshots of the Snapperhead Websites.

21. On information and belief, Mr. Ollila individually owns and/or operates the Facebook page that markets and promotes Snapperhead and the Snapperhead Goods and Services.

22. Defendants are using the trademarks MARQUETTE BACKCOUNTRY, (MARQUETTE BACKCOUNTRY & Design), and/or marks so similar that they have the same commercial impression (the "Infringing Marks"), in connection with the advertising, promotion, and sale of the Snapperhead Goods and Services in the United States and within this judicial district.

23. Defendants registered/purchased the www.marquette-backcountry.com and www.snapperhead-inventions.com domains on March 25, 2010 and December 18, 2009, respectively.

24. Snapperhead was incorporated in Michigan on January 8, 2010.

25. On or around March 9, 2011, Snapperhead filed a federal trademark application for with the United States Patent and Trademark Office ("USPTO") for Class 28 "Sporting goods for outdoor activities; namely, Backcountry Travel and Expedition Equipment, Skis, Watercraft, Watersport Paddle Boards, and Accessories for Recreational Use, Locomotion, Transportation, Outdoor Survival, and Adventure Travel."

26. On or around March 19, 2013, Snapperhead's application finally registered (US. Reg. No. 4303504) after being required to disclaim the terms "MARQUETTE" and "BACKCOUNTRY," and amend its description of goods to Class 28 "Sporting Goods For Outdoor Activities, Namely, Skis, Ski Poles, And Nordic Walking Poles" (the "Snapperhead Registration").

27. On or around October 15, 2018, Backcountry filed a Petition for Cancellation against the Snapperhead Registration (TTAB Cancellation No. 92069773). This matter is still pending.

28. Defendants adopted and began using the Infringing Marks with knowledge of Backcountry's business, the Backcountry Marks, the Backcountry Registrations, and the Backcountry Goods and Services.

29. On information and belief, Defendants' earliest use of the Infringing Marks was after Backcountry had established its trademark rights in the Backcountry Marks in connection with the Backcountry Goods and Services.

30. Defendant Ollila has purchased goods from Backcountry at least as early as September 2002, and as recently as February 2010.

31. Backcountry's trademark rights by virtue of the use of its Backcountry Marks since at least as early as 1996 are senior to any rights that the Defendants may allege to have in the Infringing Marks.

32. Backcountry has not authorized any of the Defendants to use the Infringing Marks or any similar variations.

33. Despite Backcountry's demands, Defendants have continued to use the Infringing Marks.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement – 15 U.S.C. § 1114(1))**

34. Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 33 as though fully set forth herein

35. Backcountry's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because the Defendants did not use the Infringing Marks in commerce prior to the filing dates and first dates of use of the Backcountry Registrations and Backcountry Marks.

36. Defendants' unauthorized use of the Infringing Marks in interstate commerce in connection with the Snapperhead Goods and Services constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Defendants' Infringing Marks are nearly identical to the Backcountry Marks since they share the dominant word "BACKCOUNTRY," and the term "MARQUETTE" is primarily geographically descriptive of the origin of the Snapperhead Goods and Services.

38. Furthermore, the Snapperhead Goods and Services are identical or highly related to the Backcountry Goods and Services protected under the Backcountry Registrations.

39. Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the Snapperhead Goods and Services and the Backcountry Goods and Services, who are likely to believe erroneously that the Snapperhead Goods and Services originate from the same source as the Backcountry Goods and Services, or are otherwise affiliated, connected, or associated with Backcountry, or sponsored or approved by Backcountry.

40. Defendants have knowingly and willfully infringed Backcountry's trademark rights with the express intent to trade on the substantial goodwill in the Backcountry Marks.

41. Mr. Ollila is personally liable for these violations of the Lanham Act since he has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the First Cause of Action, and on information and belief, is the sole owner and employee of Snapperhead and has commingled Snapperhead and personal funds and assets.

42. Backcountry has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Backcountry's rights in the Backcountry Marks and Backcountry Registrations and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

43. By reason of the foregoing, Backcountry asserts a claim against Defendants for injunctive and monetary relief pursuant to Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CAUSE OF ACTION**

**(Federal Unfair Competition - 15 U.S.C. § 1125(a))**

44. Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45. Backcountry's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because Backcountry owns common law trademark rights in the Backcountry Marks in connection with goods and services that are highly similar to the Snapperhead Goods and Services, that predate the Defendants' first use date of, and any other rights they have in, the Infringing Marks.

46. Defendants' use of the Infringing Marks in interstate commerce, in connection with the Snapperhead Goods and Services, constitutes trademark infringement and unfair competition against Backcountry's rights in the Backcountry Marks pursuant to 15 U.S.C. § 1125(a)(1)(A).

47. Defendants' Infringing Marks are nearly identical to the Backcountry Marks since they share the dominant word "BACKCOUNTRY," and the term "MARQUETTE" is primarily geographically descriptive of the origin of the Snapperhead Goods and Services.

48. Furthermore, the Snapperhead Goods and Services are identical or highly related to the Backcountry Goods and Services protected under the Backcountry Registrations.

49. Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the Snapperhead Goods and Services and the Backcountry Goods and Services, who are likely to believe erroneously that the Snapperhead Goods and Services originate from the

same source as the Backcountry Goods and Services, or are otherwise affiliated, connected, or associated with Backcountry, or sponsored or approved by Backcountry.

50. Defendants have knowingly and willfully infringed Backcountry's trademark rights with the express intent to trade on the substantial goodwill in the Backcountry Marks.

51. Mr. Ollila is personally liable for these violations of the Lanham Act since he has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the Second Cause of Action, and on information and belief, is the sole owner and employee of Snapperhead and has commingled Snapperhead and personal funds and assets.

52. Backcountry has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Backcountry's rights in the Backcountry Marks and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

53. By reason of the foregoing, Backcountry is entitled to damages and injunctive relief against the Defendants.

## THIRD CAUSE OF ACTION

### (Federal Trademark Dilution in Violation of 15 U.S.C. §1125(c))

54. Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

55. The Backcountry Goods and Services offered under the Backcountry Marks have been used and/or consumed by millions of people and have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion. Specifically, Backcountry's BACKCOUNTRY mark is famous among the general consuming public and became famous before Defendants' first use of the Infringing Marks. As a result, Defendants' use of the Infringing Marks causes, or will

likely cause, dilution of the distinctive quality of the BACKCOUNTRY mark with consequent damage to Backcountry and the public.

56. Defendants' conduct alleged herein has been undertaken willfully and maliciously, and with full knowledge and intent to trade on the goodwill in the BACKCOUNTRY mark.

57. Mr. Ollila is personally liable for these violations of the Lanham Act since he has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the Third Cause of Action, and on information and belief, is the sole owner and employee of Snapperhead and has commingled Snapperhead and personal funds and assets.

58. By reason of the foregoing, Backcountry is entitled to damages and injunctive relief against Defendants.

**FOURTH CAUSE OF ACTION**

**(California Statutory Unfair Competition –**

**Cal. Bus. & Prof. Code § 17200, *et seq*.)**

59. Backcountry realleges and incorporates by reference Paragraphs 1 through 58 as though fully set forth herein.

60. Defendants are making unauthorized commercial uses of Defendants' Infringing Marks, and each of them, in a deliberate, willful, intentional, and wrongful attempt to trade on Backcountry's goodwill, reputation, and financial investments in the Backcountry Marks.

61. By reason of Defendants' conduct as alleged herein, Defendants have engaged in unlawful, unfair, and/or fraudulent ongoing business practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.

62. As a direct result of Defendants' unfair competition with regard to Defendants' Infringing Marks, and each of them, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive

advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Backcountry.

63. Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge and in conscious disregard of Backcountry's rights in the Backcountry Marks and Backcountry Registrations.

64. Mr. Ollila is personally liable for these violations of the Lanham Act since he has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the Fourth Cause of Action, and on information and belief, is the sole owner and employee of Snapperhead and has commingled Snapperhead and personal funds and assets.

65. Defendants' illegal and unfair business practices are continuing, and injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203 is necessary to prevent and restrain further violations by Defendants.

66. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the trademark laws of the United States, and under 28 U.S.C. § 1367.

## FIFTH CAUSE OF ACTION

**(Common Law Trademark Infringement)**

67. Backcountry realleges and incorporates by reference Paragraphs 1 through 66 as though fully set forth herein.

68. Defendants' unauthorized use of Defendants' Infringing Marks, and each of them, constitutes trademark infringement and is likely to cause confusion, deception, and mistake among the consuming public as to the source of, and authorization for, Defendants' Goods and Services sold and/or advertised by Defendants in violation of the common law of the State of California.

69. Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge of Backcountry's rights.

70. Mr. Ollila is personally liable for these violations of the Lanham Act since he has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the Fifth Cause of Action, and on information and belief, is the sole owner and employee of Snapperhead and has commingled Snapperhead and personal funds and assets.

71. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Backcountry irreparable harm for which there is no adequate remedy at law, and is also causing damage to Backcountry in an amount which cannot be accurately computed at this time but will be proven at trial.

72. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## SIXTH CAUSE OF ACTION

### (California Common Law Passing Off and Unfair Competition)

73. Backcountry realleges and incorporates by reference Paragraphs 1 through 72 as though fully set forth herein.

74. By virtue of their conduct as alleged herein, Defendants have engaged and are engaging in passing off and unfair competition under the common law of the State of California.

75. Mr. Ollila is personally liable for these violations of the Lanham Act since he has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the Sixth Cause of Action, and on information and belief, is the sole owner and employee of Snapperhead and has commingled Snapperhead and personal funds and assets.

76. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Backcountry irreparable harm for which there is no adequate remedy at law, and is also causing damage to Backcountry in an

amount which cannot be accurately computed at this time but will be proven at trial.

77. Defendants' actions were undertaken intentionally to obtain an unfair advantage over Backcountry and in conscious disregard of Backcountry's rights, and were malicious, oppressive, and/or fraudulent.

78. Backcountry requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of them.

79. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of passing off and unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

**SEVENTH CAUSE OF ACTION**

**(Cancellation of Registration)**

80. Backcountry realleges and incorporates by reference Paragraphs 1 through 79 as though fully set forth herein.

81. Snapperhead is the owner of record for the Snapperhead Registration (U.S. Reg. No. 4303504) on the Principal Register in connection with "Sporting Goods For Outdoor Activities, Namely, Skis, Ski Poles, And Nordic Walking Poles" in International Class 28.

82. On information and belief, Snapperhead has been offering the Snapperhead Goods and Services since as early as November 16, 2010.

83. On March 9, 2011, Mr. Jeffrey P. Thennisch ("Mr. Thennisch"), Attorney of Record for the Snapperhead Registration, signed the following declaration on behalf of Snapperhead:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or,

> if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

84. On or before March 9, 2011, Snapperhead knew that Backcountry was using and had used its Backcountry Marks in connection with goods that were identical or highly related to the Snapperhead Goods and Services.

85. Mr. Ollila, the sole owner and employee of Snapperhead, purchased goods related to the Snapperhead Goods and Services from Backcountry that featured the Backcountry Marks at least as early as September 2002, and as recently as February 2010, which is approximately nine months prior to the alleged first use date indicated in the Snapperhead Registration.

86. When Mr. Thennisch executed the declaration filed on March 9, 2011 on behalf of Snapperhead, he was an authorized representative of Snapperhead and shared in the duty to ensure the accuracy of the application and the truth of its statements.

87. Since Mr. Ollila, and by extension Snapperhead, knew that Backcountry was using the Backcountry Marks in connection with goods that were identical or highly related to the Snapperhead Goods and Services, Snapperhead knew that another person or firm had the right to use the Infringing Marks, or marks with such resemblance thereto, as to be likely to cause confusion.

88. By declaring to the contrary in the declaration in support of the Snapperhead Registration, Snapperhead made a knowing and intentionally false statement.

89. Snapperhead made this false statement with the intent to deceive the USPTO in order to procure its Snapperhead Registration.

90. The continued registration of the Snapperhead Registration creates a legal presumption that Snapperhead has valid and exclusive rights in the Infringing Marks for the goods claimed in the Snapperhead Registration.

91. For the reasons set forth above, Snapperhead is not entitled to the Snapperhead Registration or the legal presumptions that the Snapperhead Registration creates, and therefore, Backcountry hereby requests that the Court enter an order cancelling the Snapperhead Registration (U.S. Reg. No. 4303504) pursuant to Lanham Act Section 38, 15 U.S.C. §1120, and 15 U.S.C. §1064.

**PRAYER FOR RELIEF**

WHEREFORE, Backcountry demands judgment against Defendants, as follows:

A. That the Court enter a finding that Defendants' use of the Infringing Marks infringes on Backcountry's rights in the Backcountry Marks and Backcountry Registrations;

B. That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants from:

i. Using Defendants' Infringing Marks in connection with any of the Snapperhead Goods and Services and Backcountry Goods and Services in California and throughout the United States;

ii. Infringing any of Backcountry's intellectual property rights in the Backcountry Marks and Backcountry Registrations;

iii. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with

Defendants are sponsored, approved, or licensed by Backcountry, or are in any way connected or affiliated with Backcountry;

iv. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Backcountry, including without limitation the Backcountry Marks;

v. Otherwise competing unfairly with Backcountry in any matter; and

vi. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(v) above.

C. That the Court cancel Snapperhead's United States Registration No. 4303504 for (MARQUETTE BACKCOUNTRY & Design), on the Principal Register;

D. That the Court enter a finding that Defendants' actions were willful, deliberate, and malicious;

E. That the Court award Backcountry damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendants from the use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

F. That the Court award Backcountry punitive damages in an amount sufficient to punish and deter Defendants;

G. That the Court find that this is an exceptional case and award Backcountry its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or California law;

H. That the Court retain jurisdiction of this action for the purpose of enabling Backcountry to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

I. For such other and further relief as the Court may deem just and equitable.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Backcountry hereby demands a trial by jury. Dated: September 10, 2019

Respectfully submitted,

s/ John M. Kim

Attorney for Plaintiff Backcountry.com, LLC
E-mail: jkim@ipla.com